United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERARDO HERNANDEZ,

          Plaintiff,

     v.

BMV HOTELS, LP,

          Defendant.

Case No.18-cv-07511-NC

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

Re: ECF 52

16   Plaintiff Gerardo Hernandez filed a Motion for Summary Judgment on December

17   11, 2020, seeking a determination of his Americans with Disabilities Act and California

18   Unruh Act claims.  ECF 52.  Defendant BMV Hotels, LP filed a Qualified Non-Opposition

19   to the Motion on January 6, 2021.  ECF 53.  Prior to filing the Motion and Non-

20   Opposition, the parties filed a stipulation to certain facts, including an expert's report.

21   ECF 51.  Because there is no genuine dispute as to any material fact, the Court GRANTS

22   Hernandez's Motion for Summary Judgment and ENTERS judgment in his favor.

23   **I.      BACKGROUND**

24   Hernandez is a physically disabled individual, as defined by the ADA and relevant

25   California laws.  ECF 33 at 1.  BMV Hotels is the owner and operator of the Best Western

26   Plus Forest Park Inn Hotel located at 375 Leavesley Road, Gilroy, California 95020.  *See*

27   ECF 33 at 2; ECF 36 at 2.  In October 2018, Hernandez visited the Hotel and encountered

28   several barriers to accessibility.  ECF 52 at 6.  Hernandez brought this suit against BMV

1   Hotels for violations of the ADA, Unruh Act, and California Health and Safety Code

2   §§ 19955-19959.5.  ECF 33 at 15-18.  After bringing suit, Hernandez hired an expert to

3   conduct a further inspection of the Hotel.  ECF 52 at 6.  This expert identified over one

4   hundred additional accessibility barriers at the Hotel.  *See* ECF 33 at 3-14.

5   The parties have stipulated to the following undisputed facts: (1) Hernandez is

6   disabled under the ADA, (2) BMV Hotels owns and operates the Hotel, (3) the Hotel is a

7   place of public accommodation under the ADA, (4) Hernandez visited the Hotel on

8   October 21, 2018, and (5) barriers to access existed at the Hotel on the date of Hernandez's

9   visit.  *See* ECF 51.  All parties have consented to the jurisdiction of a magistrate judge, in

10   accordance with 28 U.S.C. § 636(c).  *See* ECF 6, 10.

**II.   LEGAL STANDARD**

12   Summary judgment may be granted only when, drawing all inferences and

13   resolving all doubts in favor of the nonmoving party, there is no genuine dispute as to any

14   material fact.  Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 572 U.S. 650, 651 (2014); *Celotex*

15   *Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact is material when, under governing

16   substantive law, it could affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*,

17   477 U.S. 242, 248 (1986).  A dispute about a material fact is genuine if "the evidence is

18   such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  Bald

19   assertions that genuine issues of material fact exist are insufficient.  *Galen v. Cnty. of L.A.*,

20   477 F.3d 652, 658 (9th Cir. 2007).

**III.   DISCUSSION**

**A.   ADA Claim**

23   Title III of the ADA ensures that "no individual shall be discriminated against on

24   the basis of disability in the full and equal enjoyment of the goods, services, facilities,

25   privileges, advantages, or accommodations of any place of public accommodation by any

26   person who owns, leases (or leases to), or operates a place of public accommodation."  42

27   U.S.C. § 12182(a).  To prevail under the ADA, a plaintiff must show that: (1) they are

28   disabled; (2) the subject facility is a public accommodation; (3) the subject facility has an

United States District Court
Northern District of California

2

1    architectural barrier; and (4) the plaintiff has actual knowledge of the architectural barrier

2    that precludes their full and equal access to the facility.  42 U.S.C. §§ 12182(a)-(b); *see*

3    *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

4            As to the first and second elements, BMV Hotels does not dispute that Hernandez is

5    disabled and that BMV Hotels is a public accommodation.  ECF 51 at ¶¶ 3, 5.  As to the

6    third element, BMV Hotels does not dispute that architectural barriers in the path of travel

7    to the lobby, the lobby entrance door, and the family suites existed when Hernandez visited

8    the Hotel.  ECF 51 at ¶¶ 7-11.  Hernandez includes additional barriers identified his expert

9    in his claim.  ECF 52 at 12-26.  BMV Hotels does not dispute that these additional barriers

10   exist at the Hotel.  *See* ECF 53.  Finally, Hernandez alleges that he has actual knowledge

11   of the barriers through his personal encounters and his expert's investigation.  ECF 52 at

12   11.  BMV Hotels does not dispute Hernandez's actual knowledge.  *See* ECF 53.

13   Ultimately,  Hernandez demonstrates that there are no genuine disputes as to any material

14   facts in his ADA claim.  Accordingly, the Court grants summary judgment.

15           **B.      Injunction**

16           Hernandez further alleges that he is entitled to an injunction requiring BMV Hotels

17   to remove all accessibility barriers at the Hotel.  ECF 52 at 9, 11. A plaintiff can establish

18   standing to sue for injunctive relief as to encountered barriers by demonstrating

19   "deterrence," or "injury-in-fact coupled with an intent to return to a noncompliant facility."

20   *Chapman v. Pier One Imports (U.S.) Inc.*, 631 F.3d 939, 944.  Hernandez claims that he

21   was "unable to stay at the Hotel due to the lack of wheelchair-accessible suites with

22   sufficient beds to accommodate his family."  ECF 52 at 11.  BMV Hotels does not contest

23   this allegation.  *See* ECF 53.  Thus, Hernandez has standing to sue for injunctive relief

24   based on the barriers he encountered.

25           Additionally, "an ADA plaintiff who establishes standing as to encountered barriers

26   may also sue for injunctive relief as to unencountered barriers related to his disability."

27   *Chapman*, 631 F.3d at 944.  Because Hernandez established standing based on the

28   encountered barriers, he can also request injunctive relief for the unencountered barriers.

United States District Court
Northern District of California

3

1    *See id.* Therefore, the Court finds that an injunction against BMV Hotels to remove the

2    architectural barriers is appropriate.

3              **C.      California Law Claims**

4              Under the Unruh Act, a violation of the ADA constitutes a violation of the Act.

5    Cal. Civ. Code § 51(f). The Act entitles a plaintiff to a minimum of $4,000 in statutory

6    damages for each offense. Cal. Civ. Code § 52(a); *see Molski*, 481 F.3d at 731. A plaintiff

7    may recover damages if they can demonstrate that they experienced "difficulty,

8    discomfort, or embarrassment because of the violation." Cal. Civ. Code § 55.56(c).

9              Hernandez alleges that he experienced difficulty, discomfort, and embarrassment

10   when he was denied access to the Hotel. ECF 52 at 28. BMV Hotels does not dispute this

11   allegation. *See* EF 53. Thus, Hernandez is entitled to damages under the Unruh Act.

12   Accordingly, the Court awards Hernandez $4,000 in damages.

13   **IV.    CONCLUSION**

14             The Court finds that there are no genuine disputes as to any material facts in the

15   ADA and Unruh Act claims. Accordingly, the Court GRANTS Hernandez's Motion.

16             The Court, having granted Hernandez's Motion, hereby enters judgment in favor of

17   Hernandez and against BMV Hotels as follows:

18             1.      Damages in the amount of $4,000 are awarded to Hernandez.

19             2.      BMV Hotels is ordered to remove the following conditions such that they

20   comply with the 2010 Americans with Disabilities Act Standards for Accessible Design,

21   codified at 28 C.F.R. part 36, subpart D, by July 7, 2021:

22             a.      The slope of the small bridge along the path of travel from the designated

23                     accessible parking space to the hotel lobby entrance was too steep.

24             b.      The power door push plates are not maintained in a reliably functioning

25                     condition.

26             c.      There are no wheelchair-accessible room with three double or queen beds,

27                     while there are non-accessible family suites with three queen beds.

28             d.      The paint-delineated exterior routes of travel connecting the public sidewalk

*United States District Court*
*Northern District of California*

4

United States District Court
Northern District of California

1  to the Facility entrances, and connecting buildings on the same site, contain

2  excessive cross slopes.

3  e.  There are no properly configured accessible routes of travel to the guest-use

4  fitness center and meeting rooms.

5  f.  The curb ramp serving the paint-delineated route of travel between the main

6  building and the guest rooms/pool area has excessive slopes in the direction

7  of travel and upper landing slopes.

8  g.  The walkways serving the building entrances contain excessive cross slopes,

9  slopes in the direction of travel, changes in level and/or gaps in the walking

10  surfaces.

11  h.  Portions of the required clear width of the walkways serving the building

12  entrances lack properly secured wheel stops to prevent parked vehicles from

13  obstructing them.

14  i.  The curb ramp serving the designated accessible parking stall located at the

15  rental office is excessively sloped in the direction of travel, and has an

16  excessively sloped upper landing.

17  j.  The designated accessible parking stall and access aisles serving the rental

18  office contain excessive slopes.

19  k.  The designated accessible parking stall and access aisle serving the meeting

20  rooms contain excessive slopes.

21  l.  The built-up asphalt curb ramp serving the northwest designated accessible

22  parking projects into the stall and access aisle, is excessively sloped in the

23  direction of travel, and has excessive side flare slopes.

24  m.  The northwest designated accessible parking stall and access aisle contain

25  excessive slopes.

26  n.  The northeast designated accessible parking serving the guest rooms is not

27  located at the stalls in closest proximity to the door serving the interior

28  hallway leading to the guest rooms.

5

United States District Court
Northern District of California

1       o.      The built-up asphalt curb ramp serving the northeast designated accessible

2               parking projects into the stalls and access aisle and has excessive side flare

3               slopes.

4       p.      The northeast designated accessible parking stalls and access aisle contain

5               excessive slopes.

6       q.      The built-up concrete curb ramp serving the southeast designated accessible

7               parking projects into the access aisle, is excessively sloped in the direction of

8               travel, and lacks side flares or warning curbs.

9       r.      The southeast designated accessible parking stalls and access aisle contain

10              excessive slopes and lack proper dimensions.

11      s.      The ground surface of the portico contains excessive gaps.

12      t.      The raised portion of the registration countertop, which is utilized to check

13              guests in and out, is too high; the lower portion of the counter, which is not

14              used to check guests in and out, does not have a staff computer, hand-outs,

15              newspapers, business cards, pens, candy dish, etc.

16      u.      The customer-use items (e.g. hand-outs, newspapers, business cards, pens,

17              candy dish, etc.) located at the registration counter are positioned beyond the

18              reach requirements.

19      v.      The operable parts of the fire extinguisher are positioned beyond the reach

20              requirements.

21      w.      The breakfast bar counter surfaces are too high, positioning the self-serve

22              appliance controls, food items, condiments, utensils, etc., located on the

23              counter tops, beyond reach requirements.

24      x.      The registration building unisex restroom, including the configuration,

25              clearances, maneuvering spaces, fixture configuration and locations and

26              accessory locations, is not accessible.

27      y.      The registration building snack vending machine has operable parts that are

28              positioned outside of reach requirements.

6

z.    The fitness center door lacks a proper smooth, uninterrupted bottom portion on the push side of the door.

aa.   The required exterior landing maneuvering clearances at the two westernmost doors serving the meeting rooms contain excessive slopes.

bb.   The easternmost door serving the meeting rooms has a trash can obstructing the maneuvering clearance at the exterior side of the door which also prevents the door from opening fully to 90 degrees.

cc.   The doors serving the meeting rooms have flip-down hold-opens obstructing the required smooth, uninterrupted bottom portions of the push sides of the doors.

dd.   The tables within the meeting rooms do not provide the required knee clearances.

ee.   The HVAC controls within the meeting rooms have operable parts located beyond the reach requirements, and the required clear floor spaces adjacent to the HVAC controls are obstructed by furniture.

ff.   The white boards within the meeting rooms have door pulls located beyond the reach requirements.

gg.   The wet bar sink counter located within a small side room of one of the meeting rooms lacks proper knee and toe clearances.

hh.   The drinking fountain located within the restroom hallway serving the meeting rooms is not properly configured.

ii.   The required maneuvering clearances at the interior side of the south gate serving the pool/spa area contain excessive slopes and the gate does not provide proper clear width of the opening.

jj.   All three of the gates serving the pool/spa area lack the required smooth, uninterrupted bottom portions on the push sides of the gates.

kk.   The pool and spa decking and exterior seating areas contain excessive slopes, changes in level, and/or openings within the ground surfaces.

United States District Court
Northern District of California

1    ll.    There are no properly configured accessible exterior table seating spaces in
2           the pool/spa area.
3    mm.    The route of travel through the pool and spa area and to the restroom serving
4           the pool/spa area contains excessive slopes in the direction of travel.
5    nn.    The route of travel to the pool/spa shut-off and time switches contains
6           excessive cross slopes.
7    oo.    The operable parts of the pool/spa telephone are located beyond the reach
8           requirements.
9    pp.    The pool lift is not maintained in operable condition.
10   qq.    The spa lift does not allow the seat to be submerged to the required depth
11          below the water level.
12   rr.    The threshold of the door to the guest-use pool area restroom and sauna
13          creates excessive changes in level.
14   ss.    The guest-use pool area designated accessible unisex restroom floor has
15          excessive slopes within the door maneuvering clearances, clear floor space at
16          the lavatory and clearances around the toilet.
17   tt.    The guest-use pool area designated accessible unisex restroom, including the
18          configuration, clearances, maneuvering spaces, fixture configuration and
19          locations and accessory locations, is not accessible.
20   uu.    The entry/exit doors serving the hallway system of the guest room buildings
21          have excessive slopes within the required maneuvering clearances.
22   vv.    Several of the entry/exit doors serving the hallway system of the guest room
23          buildings do not have the required maneuvering clearances.
24   ww.    The west entry/exit door maneuvering clearances are obstructed by the
25          overhang of the adjacent vehicle parking stalls.
26   xx.    The entry/exit doors serving the hallway system of the guest room buildings
27          improperly configured thresholds, which create excessive height changes.
28   yy.    The guest-use laundry room door has a washing machine obstructing the

8

United States District Court
Northern District of California

1    required maneuvering clearance at the latch side of the door.

2    zz.    The guest-use vending machine, which is located within an alcove condition,

3           does not provide the required clear floor space adjacent to the vending

4           machine.

5    aaa.   The guest-use vending machine operable parts are positioned outside of

6           permissible reach ranges.

7    bbb.   The designated accessible guestroom patio sliding glass door track creates

8           excessive changes in level.

9    ccc.   The designated accessible guestroom patio sliding glass door does not

10          provide the required clear opening width.

11   ddd.   The designated accessible guestroom patio area does not provide a proper

12          clear turning space.

13   eee.   The designated accessible guestroom has the lavatory area towel bar located

14          beyond the reach requirements.

15   fff.   The designated accessible guestroom has the lavatory area tissue dispenser

16          located beyond the reach requirements.

17   ggg.   The designated accessible guestroom lavatory does not provide the required

18          knee clearance under the front edge, does not provide the required knee and

19          toe clearance width, and has exposed pipes under the lavatory which are not

20          insulated or otherwise configured to protect against contact.

21   hhh.   The bathroom door within the designated accessible guestroom does not

22          have the required maneuvering clearances at the exterior side of the door.

23   iii.   The bathroom within the designated accessible guestroom does not have the

24          side and rear grab bars positioned as required.

25   jjj.   The storage shelves and clothes hangers within the designated accessible

26          guestroom are positioned beyond the reach requirements.

27          The Court retains jurisdiction to enforce this Order through July 7, 2021, or further

28   Court order.  This Order is a final judgment, and the Clerk of Court is asked to

9

United States District Court
Northern District of California

1    administratively close this case.  Any requests for fees and costs must be filed in

2    accordance with applicable Federal Rules of Civil Procedure and Local Rules of the Court.

3          **JUDGMENT IS SO ENTERED.**

4

5    Dated:  January 22, 2021                    _____

6                                               NATHANAEL M. COUSINS
                                                United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28